IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-00337-CMA-MJW

JEFF BROSH; and
JOHN COON,

Plaintiffs,

v.

LINDA DUKE, in her individual capacity,

Defendant.

---

**RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS (Docket No. 9)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by Judge Christine M. Arguello on March 2, 2012.  (Docket No. 3).

**PLAINTIFFS' ALLEGATIONS**

Plaintiffs Jeff Brosh and John Coon allege the following in their Complaint (Docket No. 1).  On February 10, 2012, plaintiffs, who were at the time incarcerated at the Fremont Correctional Facility, were participating in a kitchen work assignment.  At the time, plaintiffs were under the supervision of Sergeant Rhonda Wheeler.  At approximately 6:00 p.m. plaintiffs were directed by Sergeant Wheeler to carry leftover milk pallets into a particular cooler used to store perishable goods.  As plaintiffs approached the cooler, they came upon defendant Sergeant Linda Duke.  Defendant

allowed plaintiffs to enter the cooler and at the same time had two other inmates she was supervising exit the cooler.  Defendant then closed the cooler door while plaintiffs remained inside.

Plaintiffs were unable to exit the cooler as it could not be opened from the inside. Plaintiffs remained in the cooler for more than twenty minutes until Sergeant Wheeler located them and released them from the cooler.  Plaintiffs were denied medical care until the following day.

Plaintiffs' single claim for relief, brought under 42 U.S.C. § 1983, asserts that defendant's intentional act of locking them in the cooler violated plaintiffs' Eighth Amendment right to be free from cruel and unusual punishment.

**PENDING MOTION**

On April 17, 2012, defendant filed a Motion to Dismiss (Docket No. 9).  Plaintiffs filed a response to defendant's motion on May 11, 2012 (Docket No. 15).  A reply was filed by defendant on May 25, 2012 (Docket No. 16).

The court has carefully considered the Complaint (Docket No. 1), the motion to dismiss (Docket No. 9), plaintiffs' response (Docket No. 15), and defendant's reply (Docket No. 16).  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon

which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A complaint must be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations

omitted).  "Factual allegations must be enough to raise a right to relief above the

speculative level." Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from

conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere

metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of

the pleaded claims is insufficient; the complaint must give the court reason to believe

that *this* plaintiff has a reasonable likelihood of mustering factual support for *these*

claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)

(quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope

of the allegations in a complaint: if they are so general that they encompass a wide

swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims

across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d

1188, 1191 (10th Cir. 2012).  The court has further "noted that '[t]he nature and

specificity of the allegations required to state a plausible claim will vary based on

context.'" Id.  The court thus "concluded the *Twombly/Iqbal* standard is 'a middle

ground between heightened fact pleading, which is expressly rejected, and allowing

complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

**Failure to Allege a Constitutional Violation**

Defendant argues plaintiffs have failed to allege a constitutional violation. First, defendant argues plaintiffs' allegation of having been confined in a cooler for a short period of time is not sufficiently serious to satisfy the objective prong of an Eighth Amendment claim.

"An inmate making an Eighth Amendment claim for constitutionally inadequate conditions of confinement must allege and prove an objective component and subjective component associated with the deficiency." Shannon v. Graves, 257 F.3d 1164, 1168 (10th Cir. 2001). The objective component requires a condition sufficiently serious so as to deprive inmates of the minimal civilized measure of life's necessities or constitute a substantial risk of serious harm. Rhodes v. Chapman, 452 U.S. 337, 347 (1981);

Helling v. McKinney, 509 U.S. 25, 33-35 (1993).  "The subjective component requires

that a defendant prison official have a culpable state of mind, that he or she acts or fails

to act with deliberate indifference to inmate heath and safety."  Shannon, 257 F.3d at

1168 (citing Wilson v. Seiter, 501 U.S. 294, 297 (1991)).

        Defendant argues plaintiffs' allegations do not rise to the level of a substantial

risk of a serious harm.  Defendant points out that there are no allegations that plaintiffs

were unable to move about, unable to breath, or unable to otherwise function during

their time in the cooler.  Further, defendant argues that locking plaintiffs in the cooler,

while unprofessional, was something more akin to a prank and thus cannot be

considered deliberate indifference to a serious risk of substantial harm.  In response,

plaintiffs cite to several cases which discuss adequate heat as a required necessity

under the Eighth Amendment.  Defendant argues the cases cited by plaintiffs are

distinguishable.

        The first case cited by plaintiffs, Mitchell v. Maynard, 80 F.3d 1433 (10th Cir.

1996), involves the confinement of the prisoner plaintiff in the "G-unit" at Oklahoma

State Penitentiary in McAlester for a period of twelve days.  Among the conditions the

plaintiff faced in the "G-unit" were being: stripped of clothing; placed in a concrete cell;

provided no heat when nighttime temperatures hit the mid-fifties; provided no mattress

or blankets; deprived of prescription glasses; not allowed to leave the cell for exercise;

not provided writing utensils; not provided with adequate ventilation; not provided hot

water; and only sometime provided minimal amounts of toilet paper.  Id. at 1442.  In

finding that the trial court should not have granted the defendants' motion for judgment

as a matter of law, the court noted that the "alleged deprivations are numerous and

inhumane." Id.  The court specifically noted that "it was cruel and unusual punishment to keep an inmate naked for twelve days in a cell that had been stripped of its bedding, did not have adequate heating, ventilation, lighting or furnishing and was seldom cleaned." Id.

The court agrees with defendant that Mitchell is not instructive as to this matter. While Mitchell does involve conditions related to lack of adequate heat, Mitchell also involves numerous additional adverse conditions.  In addition, the plaintiff in Mitchell was stripped naked and kept in the "G-unit" for twelve days.  Plaintiffs in this matter were locked in the cooler for twenty minutes, a far shorter period of time, and were presumably fully clothed.

The second case cited by plaintiffs, Skelton v. Bruce, 409 Fed. Appx. 199 (10th Cir. 2010), is closer to the facts in this matter because the court analyzed the plaintiff's complaint of a cold cell in isolation from the plaintiff's other complaints.  The plaintiff, who was housed in the segregation unit at the Hutchinson Correctional Facility in Hutchinson, Kansas, claimed that from November 24, 2003 to December 15, 2003 and January 28, 2004 to February 25, 2004, the temperature in his cell ranged from 40 degrees to 65 degrees, and at night "dropped to an almost unbearable low." Id. at 203. However, the plaintiff did not claim that he was deprived of a blanket or clothing while in his cell. Id. at 204.  The court did not make a determination as to whether the plaintiff had successfully pleaded a substantial risk of serious harm, however the court did state that the alleged temperatures "could be problematic for an extended period of time." Id.

In this matter, the court finds it significant that plaintiffs were locked in the cooler for a relatively short period of time.  "[T]he length of exposure to the conditions is often

of prime importance." DeSpain v. Uphoff, 264 F.3d 965, 973 (10th Cir. 2001).  Certainly the approximately twenty minutes plaintiffs were in the cooler is, by several magnitudes, a shorter period of time facing cold conditions than in other cases.  See Skelton, 409 Fed. Appx. at 203 (fifty-one days); Mitchell, 80 F.3d at 1442 (twelve days); Spencer v. Bouchard, 449 F.3d 721, 728-29 (6th Cir. 2006) (several months); Robinson v. Sobina, No. 09-247, 2011 WL 6056894, at *6 (W.D.Pa. Dec. 6, 2011) (nine days); Royster v. Beard, No. 09-1150, 2011 WL 1085973, at *6 (W.D.Pa. Feb. 28, 2011) (periods ranging from seven to fourteen days); Carter v. Munoz, No. 1:07-cv-01736, 2012 WL 2196003, at *2 (E.D. Cal. May 26, 2010) (ten days).

It is also significant that the cold temperature was the only adverse condition faced by plaintiffs.  "[M]ost successful Eight Amendment claims often involve allegations of cold in conjunction with other serious problems."  Skelton, 409 Fed. Appx. at 204 (quoting Dixon v. Godinez, 114 F.3d 640, 644 (7th Cir. 1996)).  In addition, while there is no indication of the exact temperature inside the cooler, considering that milk was being stored in it, it can be reasonably inferred that the cooler's temperature was kept above freezing.  In other words, plaintiffs allege that they were exposed to an above freezing temperature for approximately twenty minutes, while they were fully clothed. The court cannot find that allegations of such conditions plausibly constitute a substantial risk of serious harm.  The action of defendant was unprofessional, unbecoming of a person in her position, and juvenile at best.  However, the conditions faced by plaintiffs simply do not, as a matter of law, constitute cruel and unusual punishment under the Eighth Amendment.

8

Second, defendant argues plaintiffs' allegations are insufficient to show that the one day delay in medical treatment caused substantial harm.  Specifically, defendant argues that plaintiffs have failed to plead an affirmative link between defendant and her personal involvement in the delay in medical treatment.

Claims brought under § 1983 "require a showing of an affirmative link between the defendant's conduct and any constitutional violation."  Stidman v. Peace Officer Standards & Training, 265 F.3d 1144, 1156-57 (10th Cir. 2001) (citation omitted).  Such an allegation must be made in the complaint and later proven at trial.  Id. at 1157.

Plaintiffs' Complaint simply states that plaintiffs "were denied medical care until February 13, 2010."  There are no allegations that defendant made the decision to deny plaintiffs medical care or was in anyway involved in the decision.  Accordingly, plaintiffs have failed to allege an affirmative link between defendant and the alleged constitutional violation of denying plaintiffs medical care.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that defendant's Motion to Dismiss (Docket No. 9) be **GRANTED** insofar as plaintiffs have failed to state a claim for relief.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections**

within fourteen (14) days after being served with a copy.  The District Judge need

not consider frivolous, conclusive, or general objections.  A party's failure to file

and serve such written, specific objections waives de novo review of the

recommendation by the District Judge, **Thomas v. Arn**, 474 U.S. 140, 148-53

(1985), and also waives appellate review of both factual and legal questions.

**Makin v. Colo. Dep't of Corr.**, 183 F.3d 1205, 1210 (10th Cir. 1999); **Talley v. Hesse**,

91 F.3d 1411, 1412-13 (10th Cir. 1996).


Date:  July 23, 2012                    s/ Michael J. Watanabe
       Denver, Colorado                Michael J. Watanabe
                                       United States Magistrate Judge