**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-00337-CMA-MJW

JEFF BROSH, and
JOHN COON,

      Plaintiffs,

v.

LINDA DUKE, in her individual capacity,

      Defendant.

---

**ORDER ADOPTING IN PART AND REJECTING IN PART THE JULY 23, 2012
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE, AND DENYING
IN PART AND GRANTING IN PART DEFENDANT DUKE'S MOTION TO DISMISS**

---

      This matter is before the Court on the July 23, 2012 Recommendation of United

States Magistrate Judge Michael J. Watanabe (Doc. # 18), in which he recommended

that Defendant Sergeant Linda Duke's Motion to Dismiss (Doc. # 9) be granted.  For the

following reasons, the Court adopts in part and rejects in part the Recommendation of

the Magistrate Judge and denies in part and grants in part Defendant Duke's Motion to

Dismiss.

## I. **BACKGROUND**

      Plaintiffs Jeff Brosh and John Coon (collectively, "Plaintiffs") initiated this action

on February 9, 2012.  The following facts are taken from Plaintiff's Complaint.  (Doc.

# 1.)

The incident that gave rise to this lawsuit occurred on February 12, 2010, at the Fremont Correction Facility ("Fremont") where Plaintiffs were incarcerated.  On that date, Plaintiffs were participating in a kitchen work assignment under the supervision of Sergeant Rhonda Wheeler.  At approximately 6:00 p.m., Plaintiffs were instructed to carry milk cartons into a large cooler, referred to as Cooler # 4.  When Plaintiffs arrived at Cooler # 4, they found Defendant Duke supervising two other inmates.  After Defendant Duke permitted Plaintiffs to enter Cooler # 4, she removed the two other inmates and locked Plaintiffs inside.  After locking Plaintiffs in Cooler # 4, Defendant Duke continued with her normal workday, without notifying anyone of her actions.  After approximately twenty minutes passed, Sergeant Wheeler discovered Plaintiffs, and freed them from Cooler # 4.  Sergeant Wheeler later confronted Sergeant Duke, who admitted to intentionally locking Plaintiffs in the cooler.

Plaintiffs' single claim for relief, brought under 42 U.S.C. § 1983, asserts that Defendant Duke's intentional act of locking them in the cooler violated Plaintiffs' Eighth Amendment right to be free from cruel and unusual punishment.  On April 17, 2012, Defendant Duke moved to dismiss Plaintiffs' Complaint.  (Doc. # 9.)  In her motion, Defendant Duke argued that Plaintiffs failed to state a claim upon which relief could be granted, that she is entitled to qualified immunity, that Plaintiffs were not entitled to compensatory damages absent physical injury, and that Plaintiffs' declaratory and injunctive claims were moot.  Plaintiffs responded on May 11, 2012, and Defendant Duke replied on May 25, 2012.  (Doc. ## 15, 16.)

On July 23, 2012, the Magistrate Judge issued his Recommendation, finding that Plaintiffs had failed to state a claim upon which relief could be granted.  (Doc. # 18 at 8.) Plaintiffs filed objections on August 20, 2012, and Defendant Duke responded to those objections on September 24, 2012.  (Doc. ## 21, 24.)

## II. STANDARDS OF REVIEW

### A.    RECOMMENDATION OF MAGISTRATE JUDGE

When a magistrate judge issues a recommendation on a dispositive matter, a district court judge is required to "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3). An objection is properly made if it is both timely and specific.  *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is timely if made within 14 days after the magistrate judge issues his recommendation.  *Id.*  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). If objections are not made or if made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate.  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).  In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**B.      MOTIONS TO DISMISS**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim is to test "the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  A complaint will survive such a motion only if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  For a motion to dismiss, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff.  *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991).  Nevertheless, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

## III.  ANALYSIS

The difficulty in this case stems from the fact that Plaintiffs did not specify what type of Eighth Amendment claim they intended to bring.  (Doc. # 1.)  As case law makes clear, there are several different types of Eighth Amendment claims that require different showings of proof.  *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992) ("[w]hat is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends upon the claim at issue").  In her Motion to Dismiss, Defendant Duke argued that Plaintiffs had failed to state a plausible Eighth Amendment conditions of confinement claim or a deliberate indifference to medical needs claim.  In response, Plaintiffs contended that they had brought a conditions of confinement claim, but did not argue that they had pleaded any other type of Eighth Amendment claim.  Understandably taking his cue from the parties' arguments, the Magistrate Judge also construed the Complaint as primarily bringing a conditions of confinement claim. Although the Court agrees with the Magistrate Judge that Plaintiffs have not pleaded a plausible conditions of confinement claim,[1] the Court finds that the factual allegations in the Complaint are sufficient to sustain an excessive force claim under the Eighth Amendment.

---

[1]  Based on the Court's *de novo* review of the Complaint, it does not appear that Plaintiffs intended to bring an Eighth Amendment deliberate indifference to medical needs claim.  To the extent that such a claim was brought, however, the Magistrate Judge was correct in finding that Plaintiffs failed to allege an affirmative link between Defendant and the alleged one-day delay in medical care. (Doc. # 18 at 8.)  Plaintiffs raised no objection to this aspect of the Magistrate Judge's Recommendation , and the Court finds "there is no clear error on the face of the record."  Fed. R. Civ. P. 72 advisory committee's note.

The Court will begin its analysis by briefly explaining why it finds Plaintiffs' objections unconvincing.  The Court will then explain, however, why the factual allegations in the Complaint are sufficient to state an excessive force claim under the Eighth Amendment.  Finally, because the Court finds that the factual allegations in the Complaint are sufficient to state a claim for relief, the Court will also discuss the other arguments made by Defendant Duke in her Motion to Dismiss; specifically, her arguments that she was entitled to qualified immunity, that Plaintiffs are not entitled to compensatory damages absent physical injury, and that Plaintiffs' claims for declaratory and injunctive relief are moot.

## A.      PLAINTIFFS' OBJECTIONS

Plaintiffs' first objection is that the Magistrate Judge applied an incorrect legal standard because he "incorrectly [ruled] on the ultimate issue as to whether Plaintiffs will prevail at trial." (Doc. # 21 at 3.)  This argument is wholly without merit.  The Magistrate Judge made no improper credibility determinations as Plaintiffs claim; rather, he accepted as true the facts alleged by Plaintiffs and found that the factual allegations were insufficient to sustain a plausible conditions of confinement claim.  As Defendant Duke observes, that the Magistrate Judge "construed the facts in a light most favorable to Plaintiffs and found them wanting, is not indicia that the facts were not construed favorably to Plaintiffs." (Doc. # 24 at 4.)

Plaintiff's second objection is that the Magistrate Judge erred by finding that Plaintiffs had not pleaded a viable conditions of confinement claim.  Again, the Court

finds this argument without merit.  To state a conditions of confinement claim under the Eighth Amendment, a prisoner must allege "an objective component and subjective component associated with the deficiency."  *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001).  The objective requirement is that the conditions complained of must be "sufficiently serious" to implicate constitutional rights.  Because discomfort is "part of the penalty that criminal offenders pay for their offenses against society," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), Plaintiffs must show that the challenged condition was more than uncomfortable, and rose to the level of "posing a substantial risk of serious harm" to their health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In the instant case, Plaintiffs were locked in Cooler # 4 for approximately twenty minutes.[2]  To determine whether this is "sufficiently serious," the Court must examine the particular facts of the situation, including the circumstances, nature, and duration of the challenged condition.  *See Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001). Although exposure to cold temperatures can give rise to conditions of confinement claims, the Court agrees with the Magistrate Judge that "the approximately twenty minutes plaintiffs were in the cooler is, by several magnitudes a shorter period of time facing cold conditions than in other cases."  (Doc. # 18 at 7) (citing cases).  Given this only brief exposure to cold temperature, the Court finds that the condition complained of is not "sufficiently serious" to sustain an Eighth Amendment conditions of confinement claim.  *See Despain*, 264 F.3d at 974 ("the length of exposure to the conditions is often

---

[2]   The Complaint does not allege the precise temperature of Cooler # 4, but it is reasonable to infer that Cooler # 4's temperature was above freezing, considering that milk was being stored in it.

7

of prime importance."); *see also Whitnack v. Douglas Ctny.*, 16 F.3d 954, 958 (8th Cir.

1994) ("the length of time required before a constitutional violation is made out

decreases as the level of filthiness endured increases.").  Because amendment of this

claim would be futile, Plaintiffs' conditions of confinement claim should be dismissed

with prejudice.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir.

2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim

. . . and granting leave to amend would be futile.").

## B.   EXCESSIVE FORCE CLAIM

Although the Court finds Plaintiffs' objections without merit, the Court also finds

that the factual allegations pleaded in the Complaint are sufficient to sustain an

excessive force claim against Defendant Duke.[3]  A prisoner's Eighth Amendment right

to be free from cruel and unusual punishment is implicated when a prison official uses

force against the prisoner.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

At first glance, it seems that excessive force is not at issue here because

Defendant Duke employed no direct physical force against Plaintiffs' bodies, as is the

case in so many excessive force claims.  *See, e.g.*, *Hudson*, 503 U.S. 9-10 (stating that

"[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily

excludes from constitutional recognition *de minimis* uses of **physical** force, provided

---

[3]  To be sure, this is not the theory of relief Plaintiffs relied upon in their Response to the Motion
to Dismiss.  Although Plaintiffs discuss some considerations relevant to an excessive force
claim in their objections, it is clear that Plaintiffs have merely conflated their conditions of
confinement claim with the law pertaining to excessive force claims.  (Doc. # 24 at 8.)  In the
future, Plaintiffs should pay more attention to the distinctions between the different Eighth
Amendment claims.

that the use of force is not of a sort repugnant to the conscience of mankind.")
(emphasis added, citation and internal quotations omitted).  However, by locking
Plaintiffs in Cooler # 4, Defendant Duke forcibly restricted Plaintiffs' movement, and it
is reasonable to infer that Defendant Duke's purpose was to cause harm to Plaintiffs.
The Court finds that this use of force, although indirect, implicates the Eighth
Amendment's prohibition against the excessive use of force by prison officials.  *See
Washington v. Hively*, --- F.3d ---, 2012 WL 3553419, at *2 (7th Cir. 2012) ("persecution
. . . involves the use of significant physical force against a person's body, or the infliction
of comparable physical harm without direct application of force").  In *Washington*, the
Seventh Circuit stated that locking a person in a cell and starving him would be an
example of excessive force.  *Id.*  Similarly, locking Plaintiffs in a cooler for a potentially
indefinite amount of time was an act of force.

    The Tenth Circuit has also held that a prison official's indirect application of force
may give rise to a plausible Eighth Amendment excessive force claim.  *See Despain*,
264 F.3d at 978 (holding that spraying pepper spray into a cell block "implicates the
excessive use of force.").  Moreover, in the context of a Fourth Amendment excessive
force claim, the Tenth Circuit has stated that "[p]hysical contact is similarly not required
to demonstrate the unreasonableness of the force used to effect a particular seizure."
*Martin v. Bd. of Ctny. Comm'rs of Pueblo*, 909 F.2d 402, 406 (10th Cir. 1990).  As
*Martin* recognized, "[i]t would require a perverse reading . . . to conclude that officers
can employ whatever threat or nonphysical force they want, regardless of the amount

9

of injury inflicted, so long as no physical contact exists." *Id.* at 407.  Given the

recognition in case law that the indirect use of force can constitute "excessive force,"

the Court finds it appropriate to apply the *Whitley* standard for excessive force claims

to the factual allegations pleaded in the Complaint.

When prison officials use force against prisoners, the core judicial inquiry in

determining whether the force was excessive is "whether force was applied in good-faith

effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

*Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. 320-21.  The Court considers the need for the

use of force, the relationship between that need and the amount of force used, the

extent of the prisoner's injuries, the extent of the perceived threat that the prisoner

posed, and any efforts made by the prison officials to lessen the severity of the

response.  *See Hudson*, 503 U.S. at 7.

Accepting the factual allegations in the Complaint as true, the Court finds that the

excessive force test is easily met in this case.  Locking Plaintiffs in Cooler # 4 was not a

good faith effort by Defendant Duke to maintain or restore order; indeed, it appears that

Defendant Duke acted with no legitimate penological purpose whatsoever.  "Where no

legitimate penological purpose can be inferred from a prison employee's alleged

conduct . . . , the conduct itself constitutes sufficient evidence that force was used

maliciously and sadistically for the very purpose of causing harm." *Despain*, 264 F.3d

at 978 (internal quotations and citations omitted).

In his Recommendation, the Magistrate Judge stated that the action of Defendant Duke was "unprofessional, unbecoming of a person in her position, and juvenile at best." (Doc. # 18 at 7.)  Certainly, this is one way to view Defendant Duke's conduct. However, it is also reasonable to view Defendant Duke's actions as far more sinister. Fortunately, Plaintiffs were discovered by Sergeant Wheeler approximately twenty minutes after they were locked in Cooler # 4.  Had Sergeant Wheeler not discovered Plaintiffs, however, Defendant Duke's conduct might have caused substantial injury to Plaintiffs.[4]  As such, it is reasonable to infer that Defendant Duke acted with malicious intent to harm Plaintiffs.

In *Hudson*, the Court explained that the distinct test applied in excessive force claims stems from society's expectations.  503 U.S. at 8-9.  When a prison official maliciously and sadistically uses force to cause harm, "contemporary standards of decency always are violated."  *Id.* at 9.  This is because, as a society, we expect that prison officials, when applying force to prisoners, will act only for legitimate purposes. *See Despain*, 264 F.3d at 978. ("We will not require inmates to be subjected to the malicious whims of prison guards.").  As explained, Defendant Duke acted with no such legitimate purpose in applying force to Plaintiffs.  Thus, the Court finds that her conduct was "repugnant to the conscience of mankind."  *Whitley*, 475 U.S. at 327.

Based on the allegations in the Complaint, it does not appear that Plaintiffs suffered any significant physical harm from the approximately twenty-minute exposure

---

[4]  It is unclear when Plaintiffs might have been discovered had Sergeant Wheeler not found them locked inside Cooler # 4.

to cold temperature inside Cooler # 4.[5]   The Court recognizes that *de minimis*

"applications of force are necessarily excluded from the cruel and unusual punishment

inquiry."   *Despain*, 264 F.3d at 978; *Hudson* 503 U.S. at 9 ("Not every push or shove,

even if it may later seem unnecessary in the peace of a judge's chambers, violates a

prisoner's constitutional rights."). However, the Supreme Court has held that the focus

of an excessive force inquiry should be on the force used, not on the seriousness of the

injury sustained.   *See Wilkins v. Gaddy*,130 S.Ct. 1175, 1178 (2010) ("Injury and force,

however, are only imperfectly correlated, and it is the latter that ultimately counts.").

Prisoners do not lose their excessive force claims simply because they may have the

good fortune to escape serious injury.   *See id*.   Here, the force employed by Defendant

Duke was not *de minimis* because it could have caused serious injury to Plaintiffs had

Sergeant Wheeler not found them after twenty minutes.   Thus, at least at this stage in

the litigation, the seemingly insignificant injury suffered by Plaintiffs does not preclude

them from pursuing their Eighth Amendment claim against Defendant Duke.

## C.   QUALIFIED IMMUNITY

In her Motion to Dismiss, Defendant Duke asserts that she is entitled to qualified

immunity.   Under the doctrine of qualified immunity, government officials are protected

"from liability for civil damages insofar as their conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have

---

[5]   Plaintiffs allege only that they "suffered physical and emotional injury as a result of the incident."  (Doc. # 1, ¶ 4.)  Plaintiffs do not specify the nature or seriousness of their injuries, and there are no other allegations in the Complaint that Plaintiffs suffered any substantial injury.

known." *Pearson v. Callahan,* 555 U.S. 223, 232 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) (internal quotation marks omitted)).

"Qualified immunity requires a 'two-step sequence.'" *Morris v. Noe*, 672 F.3d 1185, 1191 (10th Cir. 2012) (quoting *Pearson*, 555 U.S. 223). "When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Id.* (quoting *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009)).

Having already determined that Plaintiffs have sufficiently alleged that Defendant Duke violated their constitutional right to be free of excessive force, the Court must determine whether this right was clearly established when Defendant Duke locked Plaintiffs in Cooler # 4 on February 12, 2010. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that [her] conduct was unlawful in the situation [she] confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). The Court finds that Defendant Duke had sufficient notice that her conduct was unlawful.

Although the Court has been unable to find any Supreme Court or Tenth Circuit cases in which a prisoner was intentionally locked in a cooler by a prison official, it is well-established that prisoners possess a right to be free from the use of excessive force. *See Hudson*, 503 U.S. 1. As the Supreme Court explained, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards

13

of decency always are violated . . . whether or not significant injury is evident." *Id.* at 9.

Thus, at this stage of the proceedings, Defendant Duke's assertion of qualified immunity

must fail.

## D.   WHETHER PLAINTIFFS ARE ENTITLED TO COMPENSATORY DAMAGES

Defendant Duke also argues that Plaintiffs' claim should be dismissed under the

Prison Litigation Reform Act ("PLRA").  The PLRA provides that "[n]o Federal civil action

may be brought by a prisoner confined in a jail, prison, or other correctional facility, for

mental or emotional injury suffered while in custody without a prior showing of physical

injury." 42 U.S.C. § 1997e(e). However, even when prisoners do not allege physical

injury, § 1997e(e) does not foreclose a prisoner's claim for nominal or punitive

damages. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001).  Punitive

damages are available when "the defendant's conduct is shown to be motivated by

evil motive or intent, or when it involves reckless or callous indifference to federally

protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983).  As the Court has

already explained, it is reasonable to infer from the factual allegations that Defendant

Duke acted with malicious intent.  Thus, the Court denies Defendant Duke's request to

dismiss Plaintiffs' claim in the entirety.

Although the case may move forward on Plaintiffs' claim for punitive and nominal

damages, the Court agrees with Defendant Duke that Plaintiffs may not recover

emotional distress damages because the Complaint does not contain sufficient factual

allegations of physical injury.  The PLRA provides no statutory definition for the term

14

"physical injury" and the Tenth Circuit has provided little guidance.  *See McConnell v. Cirbo*, No. 11-cv-02342, 2012 WL 3590762, at *11 (D. Colo. Apr. 24, 2012) (unpublished).  However, it is clear that while an injury "need not be significant to satisfy the physical injury requirement," a *de minimis* injury does not satisfy the statutory requirement.  *See Clifton v. Eubank*, 418 F. Supp. 2d 1243, 1245 (D. Colo. 2006) (citing *Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003)).

Defendant Duke contends that Plaintiffs' claim for compensatory damages should be dismissed because Plaintiffs do not allege that they suffered from any actual physical injury.  (Doc. # 9 at 9.)  In response, Plaintiffs point to the allegation in the Complaint that they "suffered physical and emotional injury as a result of the incident." (Doc. # 1, ¶ 4.)  However, this vague and conclusory allegation provides no detail on the nature of the alleged injuries sustained by Plaintiffs.  As such, Plaintiffs' allegation is insufficient to show that Plaintiffs' injuries were more than *de minimis*.  Thus, Plaintiffs' claim for compensatory damages should be dismissed.[6]

## E.   WHETHER PLAINTIFFS' CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF ARE MOOT

Finally, Plaintiffs seek injunctive and declaratory relief.[7]  In her Motion to Dismiss, Defendant Duke asserts, and Plaintiffs concede, that neither Plaintiff is presently

---

[6]   As it is possible that Plaintiffs can amend this claim, dismissal is without prejudice.  *See Brereton*, 434 F.3d at 1219.

[7]   Although the Complaint does not specify what sort of equitable remedies Plaintiffs request, both parties seem to assume that Plaintiffs' request for "[d]eclaratory relief and other appropriate equitable relief" (Doc. # 1 at 6) refers to their desire to avoid working with Defendant Duke.

incarcerated at FCF.[8]  As such, the Court agrees with Defendant Duke that Plaintiffs' request for equitable relief is moot.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).  "This requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome." *Id.*  Despite conceding that they are not presently at FCF, Plaintiffs argue that their claim for equitable relief is not moot because Plaintiff Brosh may be transferred back to FCF.[9]  Plaintiffs' concern, however, is wholly speculative. *See Jordan v. Sosa*, 654 F. 3d 1012, 1032 (10th Cir. 2011) (rejecting prisoner's argument that his claims were not mooted by transfer to new prison when it was "entirely speculative" that the prisoner might be transferred back to his former facility).  Thus, the Court finds that Plaintiffs' claim for equitable relief should be dismissed as moot.

## IV.  CONCLUSION

Based on the foregoing, the Court ADOPTS IN PART AND REJECTS IN PART the Magistrate Judge's Recommendation.  (Doc. # 18.)

Accordingly, it is ORDERED that Defendant Duke's Motion to Dismiss (Doc. # 9) is DENIED IN PART and GRANTED IN PART.  Specifically, Plaintiffs' claim for

---

[8]   Plaintiff Brosh is presently incarcerated at the Arkansas Valley Correctional Facility, and Plaintiff Coon is on parole.

[9]   Plaintiffs make no argument as to why their claim for injunctive and declaratory relief is not moot with respect to Plaintiff Coon.

compensatory damages is DENIED WITHOUT PREJUDICE, and Plaintiffs' claim for

declaratory and injunctive relief is DENIED AS MOOT.  Defendant Duke's Motion to

Dismiss is DENIED in all other respects.

      DATED:  October __24__, 2012

                                                 BY THE COURT:

                                                 _____
                                                 CHRISTINE M. ARGUELLO
                                                 United States District Judge