IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00337-RM-MJW

JEFF BROSH, and
JOHN COON,

Plaintiffs,

v.

LINDA DUKE, in her individual capacity,

Defendant.

---

**ORDER ON
PLAINTIFFS' RULE 56(d) MOTION
(Docket No. 38)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States

Magistrate Judge issued by Judge Christine M. Arguello on March 2, 2012.  (Docket No.

3).  This case was reassigned to Judge Raymond P. Moore on May 1, 2013 (Docket No.

41).

Now before the court is Plaintiffs' Rule 56(d) Motion (Docket No. 38).  The court

has carefully considered the subject motion and defendant's response (Docket No. 42).

In addition, the court has taken judicial notice of the court's file, and has considered the

applicable Federal Rules of Civil Procedure and case law.  The court now being fully

informed makes the following findings of fact, conclusions of law, and order.

On March 29, 2013, defendant filed a Motion for Summary Judgment (Docket

2

No. 35), wherein defendant argues that plaintiff Jeff Brosh failed to exhaust his

administrative remedies prior to filing suit.  Accordingly, defendant contends that Mr.

Brosh's claims are barred by the Prison Litigation Reform Act ("PLRA"), 42 §§ 1997e, et

seq.  On April 19, 2013, plaintiffs filed an unopposed Motion (Docket No. 36) seeking an

additional seven days to respond to defendant's Motion for Summary Judgment.  Judge

Arguello granted plaintiffs' request, giving plaintiffs until April 29, 2013 to file their

response.

On April 22, 2013, plaintiffs filed the subject motion (Docket No. 38).  Pursuant to

Fed. R. Civ. P. 56(d), plaintiffs seek a continuance until August 7, 2013 to respond to

defendant's Motion for Summary Judgment.  Plaintiffs argue they cannot adequately

respond to the motion without "conducting further discovery to determine whether [Mr.

Brosh] actually exhausted his administrative remedies, or whether his administrative

remedies were made unavailable to him pursuant to threats, intimidation or other forms

of deterrence."

In response, defendant argues that plaintiffs have failed to meet their burden

under Rule 56(d).  Defendant contends that plaintiffs already possess all of the

information required to file their response to the Motion for Summary Judgment.

Accordingly, defendant argues the subject motion is groundless and made in bad faith.

Under Rule 56(d), "the court may . . . defer considering [a summary judgment]

motion or . . .  allow time . . . to take discovery" if the "nonmovant shows by affidavit or

declaration that, for specified reasons, it cannot present facts essential to justify its

opposition."  Fed. R. Civ. P. 56(d).  The nonmovant must file an affidavit explaining why

facts necessary to rebut the motion for summary judgment cannot be presented.  Valley

Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd., 616 F.3d 1086, 1096 (10th Cir. 2010). The affidavit must identify the unavailable facts, why the facts cannot be presented, the steps taken to obtain them, and how additional time will help the party obtain the facts and rebut the motion for summary judgment. Id.

The affidavit (Docket No. 38-1) attached to the subject motion was executed by Tiffany Drahota, counsel for plaintiffs. Ms. Drahota notes that attached to defendant's Motion for Summary Judgment is an affidavit (Docket No. 35-2) executed by Anthony Decesaro, a Step II Grievance Counselor with the Colorado Department of Corrections. In his affidavit, Mr. Decesaro states that Mr. Brosh failed to complete the step three grievance process as to the incident that is the subject of this matter.

Ms. Drahota details the additional facts she hopes to obtain by deposing Mr. Decesaro. These facts include: "whether [Mr.] Brosh actually did make attempts to exhaust his administrative remedies, whether an inmate may exhaust his administrative remedies by verbalizing his grievance to his case manager, whether an inmate may stop after a Step I Grievance if he is satisfied with the response, whether Mr. Decesaro is aware of any threats or attempts by CDOC personnel to prevent [Mr.] Brosh from exhausting his administrative remedies, and the nature and extent of the orientation into filing an inmate grievance."

Further, Ms. Drahota states that additional facts may be obtained as to attempts by Mr. Brosh to exhaust his administrative remedies, and possible threats or attempts to deter Mr. Brosh, from Rick Lawson, Captain G. Vendetti, Dr. Graham, and "the unidentified female Yard Sergeant on duty on February 12, 2010."

The court finds that plaintiffs have met their burden under Rule 56(d). Facts

4

concerning attempts to prevent, thwart, or hinder a prisoner from availing himself of an administrative remedy may be relevant to a determination of whether the prisoner exhausted his remedies.  See Tuckel v. Grover, 660 F.3d 1249, 1252 (10th Cir. 2011). The additional facts sought by plaintiffs include, among other things, information as to "any threats or attempts by CDOC personnel to prevent [Mr.] Brosh from exhausting his administrative remedies."  Accordingly, the additional discovery may serve to rebut defendant's "allegations of no genuine issue of fact."  See Patty Precision v. Brown & Sharp Mfg. Co., 742 F.2d 1260, 1264 (10th Cir. 1984).  Further, it is possible that the additional witnesses plaintiffs seek to depose have information plaintiffs do not possess, e.g., they have knowledge of actions taken to thwart Mr. Brosh from exhausting his remedies, while Mr. Brosh is not personally aware of those actions.  The court finds that plaintiffs' affidavit establishes why these facts cannot be currently presented, the steps taken to obtain them, and how additional time will help obtain these facts.

However, the court finds that plaintiffs do not need three months to conduct the additional discovery and to file a response to the Motion for Summary Judgment; a significant portion of the response may be drafted prior to plaintiffs obtaining the additional discovery, and the additional discovery is limited in nature.  Accordingly, plaintiffs shall have up to and including June 20, 2013 to file their response.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Rule 56(d) Motion (Docket No. 38) is GRANTED insofar as plaintiffs shall have up to and including June 20, 2013 to respond to

5

defendant's Motion for Summary Judgment (Docket No. 35).


Date:  May 6, 2013                    s/ Michael J. Watanabe
          Denver, Colorado             Michael J. Watanabe
                                                 United States Magistrate Judge